14

(No. 31248.

MOFFAT COAL COMPANY, Appellee, *vs.* RICHARD J. DALEY, Director of Revenue, Appellant.

*Opinion filed January 18, 1950.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES C. MURRAY, all of Chicago, of counsel,) for appellant.

CONN & CLENDENIN, of Sparta, (SCHUWERK & SCHU-WERK, of Chester, of counsel,) for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

On February 17, 1947, the Moffat Coal Company filed its complaint against the Director of Revenue in the circuit court of Randolph County, to review an assessment for taxes under the Retailers' Occupation Tax Act. On December 3, 1948, judgment was entered reversing the assessment in part. Defendant appeals pursuant to leave heretofore granted by this court pursuant to section 76 of the Civil Practice Act. Ill. Rev. Stat. 1949, chap. 110, par. 200.

Plaintiff is engaged in the business of mining and selling coal at retail in this State. The tax in question was imposed by virtue of sales of coal to railroad companies for use

outside the State, which plaintiff contends were shipments in interstate commerce and, therefore, not subject to the tax. In each instance the coal was loaded into cars of the railway companies on the latters' tracks at plaintiff's mine in Sparta, Illinois, was billed by the plaintiff f.o.b. at that place, and was waybilled by the railroads as company freight without transportation charges. It is further disclosed by the record that, pursuant to the intention of the parties, the coal was transported in the original cars from the mine to points outside the State, where it was used by the railroads which shipped it.

Section 2 of the act (Ill. Rev. Stat. 1947, chap. 120, par. 441,) provides in part that the tax "is not imposed upon the privilege of engaging in any business in interstate commerce or otherwise, which business may not, under the constitution and statutes of the United States, be made the subject of taxation by this State." The correctness of the judgment of the circuit court depends upon whether the sales in question are transactions in interstate commerce and thus beyond the scope of the act. We deem this question to be controlled by our decision in *Superior Coal Co. v. Department of Finance,* 377 Ill. 282, the facts of which are not distinguishable in any material respect from those in the case at bar, and conclude accordingly that the present sales are intrastate in character. In that case a coal company sold virtually all the output of its mines to a railroad company, the major portion of the coal being delivered at the mines in Illinois for use outside the State. The coal company billed the railroad for the coal at the place of delivery, received no bill of lading and paid no freight. The railroad designated the coal on its waybills as "company freight." In holding that the tax applied we observed: "the railway company took possession of the coal at the mines as purchaser, and not as a mere bailee. No duty rested upon the plaintiff to ship coal beyond the boundaries of Illinois in order to complete its contract of

sale. * * * The railway company was vested with complete dominion of the coal when it was placed on its cars at plaintiff's mines and the successive sales, without question, were consummated in Illinois." Those observations apply with equal force to the facts in the case at bar. In each case the railroad, although acting in a dual capacity, received delivery at the mines not in its capacity as a carrier but in its capacity as a buyer, the coal company in each case relinquishing all right to direct the destination of the coal.

The facts of *In re Globe Varnish Co.* 114 Fed. 2d 916 (C.C.A. 7th, 1940,) upon which plaintiff relies, are different. There, a railroad ordered a quantity of paint from a varnish company, and directed it to ship the order to the railroad, care of a certain storekeeper, at its shops in Milwaukee, Wisconsin. The order further stated that a receipted bill of lading must accompany the invoice. The varnish company complied with the order in all respects and delivered the paint properly consigned to the consignee at Milwaukee, together with a standard form of bill of lading. This was receipted by the freight agent, and the shipment was handled exactly as it would have been handled had the consignee been a purchaser other than the railroad. Thus possession of the property was withheld from the railroad as a buyer until its obligation as a carrier had been performed by delivering the property to its destination at Milwaukee. In the case at bar the seller did not consign the goods to points outside of Illinois but merely made delivery at its mines to the railroads as purchasers. Under such circumstances, the transaction is completed within the State of Illinois, and it is immaterial that the coal was intended for use in other States.

The order of the circuit court is reversed and the cause remanded, with directions to enter a judgment for defendant in accordance herewith.

*Reversed and remanded, with directions.*